Mark D. Petersen (State Bar No. 111956)
mpetersen@fbm.com
Matthew S.L. Cate (State Bar No. 295546)
mcate@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant
CHENGBEN WANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CUBIC TELECOM LIMITED, as Assignee of PEREGRINE NETWORK, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CHENGBEN WANG A/K/A PETER WANG,<br><br>Defendant. | Case No. 14-cv-02956-EDL<br><br>**DEFENDANT CHENGBEN WANG'S OBJECTION TO PLAINTIFF'S REPLY EVIDENCE**<br><br>Hearing: August 4, 2015<br>Time: 9:00 a.m.<br>Dept: Courtroom E<br>Judge: Hon. Elizabeth D. Laporte |

Plaintiff Cubic Telecom Ltd. submitted new evidence with its Reply in Support of Its Motion for Summary Judgment. That evidence is inadmissible and cannot support Cubic's Motion. Defendant Chengben Wang thus files this objection to Cubic's reply evidence pursuant to Local Rule 7-3(d)(1).

## ARGUMENT

Mr. Wang's Opposition to Cubic's Motion for Summary Judgment objected to the exhibits attached to, and the related factual assertions within, the Declaration of Fiona O'Sullivan. *See* ECF No. 36 at 8-10. In general, Mr. Wang asserted that Ms. O'Sullivan failed to lay any foundation for the documents and statements she offered. *Id.* In reply, Cubic sought to address

1  some of the deficiencies. *See* Reply in Supp. of Mot. for Summ. J. at 8-9, ECF No. 42. In support
2  of that effort, Cubic submitted a "Supplemental Declaration of Fiona O'Sullivan." *See* ECF No.
3  42-1. The Supplemental Declaration is inadmissible. First, it impermissibly raises new facts for
4  the first time in a Reply brief. Second, it still fails to lay a sufficient foundation for the documents
5  upon which Cubic seeks to rely in support of its Motion.

6  <u>Cubic cannot submit new, additional evidence in a reply brief.</u> *See Kaufman v. City of San
7  Francisco*, No. 08-03755 EDL, 2009 WL 5184468, at *1 (N.D. Cal. Dec. 22, 2009) (citing *Am.
8  Traffic Solutions, Inc. v. Redflex Traffic Sys., Inc.*, 2009 WL 775104, at *1 (D. Ariz. March 20,
9  2009) ("The remedy for dealing with new evidence first appearing in a reply is that we will not
10 consider issues or evidence raised for the first time in plaintiff's reply.")); *see also Roe v. Doe*,
11 No. 09-0682 PJH, 2009 WL 1883752, at *5 (N.D. Cal. June 30, 2009) (internal quotation
12 omitted) (refusing to consider new evidence raised for the first time in reply); *Protech Diamond
13 Tools, Inc. v. Liao*, No. 08-3684 SBA, 2009 WL 1626587, at *5 n.4, *9 (N.D. Cal. June 8, 2009)
14 (noting that "this Court does not countenance" new evidence raised in a reply); *Contratto v.
15 Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (striking evidence because the party's
16 "attempt to introduce new evidence in connection with their reply papers is improper").

17 Ms. O'Sullivan's Supplemental Declaration seeks to provide evidence, for the first time,
18 that she was "personally involved in the negotiation and purchase of" certain assets from
19 Qualcomm, Inc. *See* ECF No. 42-1 ¶ 2. This is evidence that was not previously raised in Cubic's
20 Motion for Summary Judgment. Cubic had a chance to lay a proper foundation for its various
21 exhibits in Ms. O'Sullivan's first Declaration. Its failure to do so does not mean that Cubic simply
22 gets to try again. The Supplemental Declaration should be stricken.

23 <u>Regardless, the Supplemental Declaration does not identify how Ms. O'Sullivan was
24 involved in the deal in which Cubic acquired the Promissory Note.</u> A declaration submitted in
25 support of a summary judgment motion "must show that the affiant or declarant is competent to
26 testify on the matters stated" in the declaration. *See* Fed. R. Civ. P. 56(c)(4). Ms. O'Sullivan's
27 first Declaration failed this test, as Mr. Wang previously showed. Her second effort does as well.
28

Ms. O'Sullivan's Supplemental Declaration states that "[a]s Legal and Compliance Officer for Cubic, I was personally involved in the negotiation and purchase of" the assets of Peregrine Network, Inc. ECF No. 42-1 ¶ 2. She adds that "[a]s such, I have personal knowledge of" two documents that were part of that deal.[1] *Id.* These statements are conclusory. They do not explain what Ms. O'Sullivan actually did as the legal and compliance officer for Cubic—or when she carried out those unexplained duties. These statements also do not explain whether Ms. O'Sullivan was involved in drafting or executing the documents, which do not bear her name or signature. In short, this vaguely described involvement in the deal does not establish her qualifications to authenticate these documents. Therefore, the Supplemental Declaration should be stricken, and Cubic has not fixed the problems Mr. Wang objected to in Ms. O'Sullivan's original Declaration.

Dated: July 14, 2015

FARELLA BRAUN + MARTEL LLP

By:  */s/ Mark D. Petersen*
Mark D. Petersen (SBN 111956)
mpetersen@fbm.com
Matthew S.L. Cate (SBN 295546)
mcate@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Attorneys for Defendant
CHENGBEN WANG

---

[1] The Supplemental Declaration seeks to authenticate only the "Foreclosure and Sale Agreement" and "Amended and Restated Bill of Sale" that Cubic says it received from Qualcomm. Cubic thus implicitly acknowledges that it cannot authentic the other documents attached to Ms. O'Sullivan's original declaration.