United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUBIC TELECOM LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>CHENGBEN WANG,<br><br>Defendant. | Case No. 14-cv-02956-EDL<br><br>**FURTHER ORDER GRANTING PARTIAL SUMMARY JUDGMENT AND CONTINUING PRE-TRIAL DATES** |

On August 20, 2015, this Court issued an Order denying Plaintiff's motion for summary judgment. Dkt. No. 47. In that Order, the Court endeavored to explain to the parties in detail the Court's reasoning and the very narrow issue that survived summary judgment. However, in advance of an upcoming settlement conference and other pre-trial deadlines, the parties requested a telephone conference to discuss the scope of the Order and the upcoming trial. The Court held a telephone conference on September 28, 2015 during which it clarified the scope of its prior Order and also issues the following Further Order on Plaintiff's summary judgment motion.

For the reasons stated during the hearing on Plaintiff's motion for summary judgment, in the Order denying the motion for summary judgment, and during the telephone conference on September 29, 2015, there is no genuine dispute as to Cubic's breach of contract claim and the claim has been established as a matter of law. See Dkt. # 47 at 10 ("the elements for breach of contract are met"). The Court's prior Order did not expressly state that this conclusion was a ruling under Federal Rule of Civil Procedure 56(g), which provides that: "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case." By way of this Order, the Court clarifies that Cubic's breach of contract claim has been established as a matter of law pursuant to Rule 56(g).

Similarly, for the reasons stated during the hearing on Plaintiff's motion for summary judgment, in the Order denying the motion for summary judgment, and during the telephone conference on September 29, 2015, there is no genuine dispute as to any of the affirmative defenses presented by Defendant in opposition to Plaintiff's motion for summary judgment, except for the affirmative defense of fraudulent inducement regarding the October 4, 2011 email regarding investor funding commitments.  See Dkt. # 47 at 15 ("[o]n the record before this Court, the only potentially false or misleading statement regarding Peregrine's present financial condition made to Mr. Wang prior to him signing the Note that could support a theory of fraudulent inducement is contained in an October 4, 2011 email chain").  Pursuant to Rule 56(g), there is no genuine dispute as to any of the other theories of fraudulent inducement raised by Defendant in opposition to the motion for summary judgment.

The parties dispute the impact of the Court's ruling on Defendant's ability to raise other theories of fraudulent inducement at trial.  Plaintiff argues that Mr. Wang is legally precluded from going to trial on any defense other than fraudulent inducement regarding the October 4, 2011 email regarding investor funding commitments, while Defendant argues that he may pursue his defense of fraudulent inducement on other bases as well.  Defendant shall notify Plaintiff by September 29, 2015 if he intends to pursue any other theories of fraudulent inducement, and if so the parties shall file a joint letter providing legal support for their positions by no later than October 2, 2015.  As agreed during the telephone conference, the parties shall file the required initial pre-trial filings by 9:00 a.m. Monday October 5, 2015 and the required responsive pretrial filings by 9:00 a.m. Monday October 12, 2015.  The pretrial conference will be held at 10:00 a.m. on Wednesday October 21, 2015.  Trial is set for November 9, 2015.

**IT IS SO ORDERED.**

Dated: September 28, 2015

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge